UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GEORGE STEPHEN RUSSELL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:11-CR-079 |
| | ) | | 3:13-CV-655 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/GUYTON) |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM AND ORDER**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner George Stephen Russell ("petitioner"). For the following reasons, the United States Attorney shall not be required to file a response to the § 2255 motion at this time and petitioner shall have fifteen (15) days from the date of this Memorandum and Order to **SHOW CAUSE** why his § 2255 motion should not be dismissed as untimely.

Petitioner pleaded guilty to possession of child pornography. By judgment entered April 12, 2012, he was sentenced to a term of imprisonment of 97 months. [Doc. 31, Judgment].[1] Petitioner filed a notice of appeal and subsequently filed a motion to voluntarily dismiss his appeal; the motion was granted and the appeal dismissed on July 25, 2012. [Doc. 35, Order of Sixth Circuit granting joint motion to dismiss appeal and noting petitioner's

---

[1] All citations to the record refer to the docket sheet in petitioner's criminal case.

affidavit to voluntarily dismiss his appeal]. Petitioner filed his § 2255 motion on October 23, 2013.[2]

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Petitioner claims that his § 2255 motion was timely filed. He takes the position that his conviction did not become final until October 23, 2012, which was 90 days after his appeal was dismissed by the Sixth Circuit. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Petitioner thus argues that his § 2255 motion was filed within one year after the statute of limitation began to run. The Court disagrees.

> "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 F. App'x 373 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir.2002). However, when a voluntary dismissal of the appeal is granted, a judgment of conviction becomes final on that date. *See Robinson v. United States*, 2009 WL 3048459, at *2 (E.D. Tenn. Sept. 17, 2009) (finding the judgment of conviction became final on the date the direct appeal was dismissed pursuant to a request for voluntary dismissal); *United States v. Sylvester*, 2006 WL 695796, at *3 (M.D. Pa. Mar. 17, 2006)

---

[2]Although the Court received the § 2255 motion on October 28, 2013, the envelope in which it was mailed indicates that it was delivered to the prison mail room for mailing on October 23, 2013, and thus is considered filed on that date under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

2

(concluding a voluntary dismissal makes a writ of certiorari unavailable and renders a conviction final upon dismissal); *see also Craddock v. Mohr*, No. 99-3796, 2000 WL 658023, at *1 (6th Cir. May 8, 2000) (unpublished) ("It is undisputed that Craddock's convictions became final in April 1993 when the Ohio Court of Appeals granted his motion to voluntarily dismiss his direct criminal appeal").

*Gomez v. United States*, 2010 WL 1609412, at *1 -2 (E.D. Tenn. April 20, 2010).

Petitioner's conviction became final on July 25, 2012, when his appeal was voluntarily dismissed. Accordingly, petitioner had until July 25, 2013, to file his § 2255 motion. Petitioner did not file his § 2255 motion until October 23, 2013, and thus the motion was untimely. Under the circumstances, petitioner shall have fifteen (15) days from the date of this Memorandum and Order to **SHOW CAUSE** why his § 2255 motion should not be barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:11-cr-00079-TAV-HBG   Document 42   Filed 11/08/13   Page 3 of 3   PageID #: 313