**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

GEORGE STEPHEN RUSSELL,                    )
                                           )
       *Petitioner*,                    )
                                           )
v.                                         )      Nos.:  3:11-CR-79-TAV-HBG
                                           )             3:13-CV-655-TAV-HBG
UNITED STATES OF AMERICA,                  )
                                           )
       *Respondent*.                   )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner George Stephen Russell (petitioner). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to possession of child pornography. By judgment entered April 12, 2012, he was sentenced to a term of imprisonment of 97 months. [Doc. 31, Judgment]. Petitioner filed a notice of appeal and subsequently filed a motion to voluntarily dismiss his appeal; the motion was granted and the appeal dismissed on July 25, 2012. [Doc. 35, Order of Sixth Circuit granting joint motion to dismiss appeal and noting petitioner's affidavit to voluntarily dismiss his appeal]. Petitioner filed his § 2255 motion on October 23, 2013, in which he alleges several instances of ineffective assistance of counsel.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the

judgment of conviction becomes final. 28 U.S.C. § 2255(f). In his original filing, petitioner claimed that his § 2255 motion was timely filed. He took the position that his conviction did not become final until October 23, 2012, which was 90 days after his appeal was dismissed by the Sixth Circuit, and relied on *Clay v. United States*, 537 U.S. 522, 525 (2003). "For the purpose of starting the clock on § 2255's one-year limitation, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Id.* at 525. Petitioner thus argued that his § 2255 motion was filed within one year after the statute of limitation began to run. The Court disagreed, finding that a conviction becomes final on the date that a request for voluntary dismissal of an appeal is granted. *See Gomez v. United States*, 2010 WL 1609412, at **1-2 (E.D. Tenn. April 20, 2010) (collecting cases).

The Court thus concluded that petitioner's conviction became final on July 25, 2012, when his appeal was voluntarily dismissed. Therefore, petitioner had until July 25, 2013, to file his § 2255 motion. Petitioner did not file his § 2255 motion until October 23, 2013, and thus the motion was untimely. For that reason, petitioner was given the opportunity to show cause why his § 2255 motion should not be barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

Petitioner has responded to the show cause order and claims that the statute of limitation should be equitably tolled. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. at 649) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that Holland 's two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

Petitioner alleges he is entitled to equitable tolling for several reasons. He first alleges that his attorney erroneously advised him to dismiss his appeal and that he relied on advice of counsel in believing that *Clay* allowed him the extra 90 days within which to file his § 2255 motion. Assuming that petitioner received erroneous advice from counsel, he is not entitled to equitable tolling on that basis. "Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'" *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (quoting *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002)). *See also Fahy v.*

3

*Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (attorney's misreading of AEDPA did not require equitable tolling).

Petitioner next alleges that his delay in filing the § 2255 motion should be excused based upon his mental incapacitation. The Sixth Circuit has held that

> a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations. To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). *See also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) ("mental incompetence is not a *per se* reason to toll a statute of limitation); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (citations omitted) ("Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (citations omitted) ("The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [petitioner's] ability to file a timely habeas petition.").

Petitioner claims that the pain medication he has taken since his cancer surgery in 2011 clouds his judgment and interferes with his mental ability to perform legal research, prepare legal briefs, and meet Court deadlines. Petitioner does not, however, claim that he is incompetent or that his mental condition actually prevented him from filing a § 2255; he alleges only that his judgment and mental abilities were impaired. Petitioner is not entitled to equitable tolling on this basis.

Finally, petitioner alleges that, given the nature of his offense, he was not able to seek assistance from inmate legal helpers or do legal research where other inmates could see what he researching because those convicted of child pornography are subject to harassment and violence from other inmates. Petitioner cites *Taylor v. United States*, 518 F. App'x 348 (6th Cir. 2013) and *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012), for the proposition that a lack of adequate legal resources which prevented a petitioner from timely filing a § 2255 motion can be grounds for equitable tolling.

"Inadequate prison legal resources, without more, do not constitute extraordinary circumstance warranting equitable tolling." *Taylor*, 518 F. App'x at 350 (citing *Jones*, 689 F. 3d at 627). In addition, petitioner does not claim the prison system lacked legal resources, only that he was afraid to use them. The Court finds that petitioner's alleged fear of the threat of violence was not such an "extraordinary circumstance [that] stood in his way and prevented timely filing" of his § 2255 such as to entitle him to equitable tolling. *Holland v. Florida*, 560 U.S. at 649.

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his § 2255 motion is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed in forma pauperis on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

6